## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **KNOOB ENTERPRISES, INC., an Illinois corporation, and SAMUEL MROFCZA,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CAUSE NO. 08-924-WDS** |
| | ) | |
| **BRAD COLE, individually and in his official capacity as Mayor of the City of Carbondale, Illinois, and Chairman of the Local Liquor Commission of the City of Carbondale, MARK DIEDRICK, and CITY OF CARBONDALE, an Illinois municipal corporation,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is defendant Brad Cole's motion to dismiss plaintiffs' claims against him in his official capacity (Doc. 4), to which plaintiffs have filed a response (Doc. 8). Defendant Cole seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

### BACKGROUND

Plaintiffs, Knoob Enterprises, Inc. and Samuel Mrofcza, filed a complaint against the City of Carbondale, Illinois and defendant Brad Cole, both individually and in his official capacities as Mayor of Carbondale and as Chairman of the Local Liquor Commission of the City of Carbondale. Plaintiffs seek recovery under 42 U.S.C. § 1983 against defendant Cole for alleged violations of the Equal Protection Clause of the Fourteenth Amendment (Counts I, II). Plaintiffs state identical claims against defendant City of Carbondale (Counts III, IV).

Defendant Cole now seeks to dismiss plaintiffs' claims against him in his official capacity (Counts I, II). Defendant Cole argues that those claims are redundant to the claims against the City of Carbondale and should be dismissed with prejudice. Although plaintiffs do not object to dismissing their

claims against defendant Cole, plaintiffs seek dismissal without prejudice.

## STANDARD

Under Fed. R. Civ. P. 12(b)(6), this Court must take all well-pleaded allegations as true and construe the complaint in the light most favorable to the plaintiff. *See Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997); *Hernandez v. City of Goshen, Ind.*, 324 F.3d 535, 537 (7th Cir. 2003). Dismissal is appropriate if the complaint is not plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## ANALYSIS

Defendant Cole argues that the claims brought against him in his official capacity are redundant to the claims against the City of Carbondale.

Suits brought against an individual in his official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978). A suit against an individual in his official capacity is "in all respects other than name, to be treated as a suit against the entity." *Ky. v. Graham*, 473 U.S. 159, 166 (1985) (citing *Brandon v. Holt*, 469 U.S. 469, 471-72 (1985)). "It is *not* a suit against the official personally, for the real party in interest is the entity." *Graham*, 473 U.S. at 166. Since a suit against defendant Cole in his official capacity is equivalent to a suit against the City of Carbondale, including claims against defendant Cole in his official capacity adds nothing to the suit. *See Jungels v. Pierce*, 825 F.2d 1127, 1129 (7th Cir. 1987). "Where the unit of local government is sued as well, the suit against the officials is redundant and should therefore be dismissed." *Admiral Theatre v. City of Chi.*, 832 F. Supp. 1195, 1200 (N.D. Ill. 1993) (citing *Jungels*, 825 F.2d at 1129).

Plaintiffs concede that the claims as to defendant Cole in his official capacity should be dismissed, but plaintiffs argue that the claims should be dismissed without prejudice. Plaintiffs argue that defendant has not shown good cause to dismiss the claims with prejudice, and that facts may come to

2

light during discovery that could justify amending the complaint to sue defendant Cole in his official

capacity as Chairman of the Local Liquor Commission.  Plaintiffs do not cite any authority in support of

their position.

A dismissal under Rule 12(b)(6) is a judgment on the merits and is accorded full *res judicata*

effect.  *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 (1981).  Dismissals under Rule 12(b)(6)

for redundancy of claims as to an individual in his official capacity are not granted "without prejudice."

*See Schmidling v. City of Chi.*, 1 F.3d 494, 495 n.1 (7th Cir. 1993); *Admiral Theatre*, 832 F.Supp. at 1200;

*McCullough v. City of Chi.*, 971 F. Supp. 1247, 1249 n.1 (N.D. Ill. 1997); *Searles v. Bd. of Educ. of the*

*City of Chi.*, No. 03-C-8966, 2004 WL 1474583, at *4 (N.D. Ill. 2004) (specifying that motion to dismiss

redundant claim is granted with prejudice).

Plaintiffs' argument that the dismissal should be without prejudice in order to leave open the

possibility of suing defendant Cole in his official capacity as Chairman of the Local Liquor Commission

is without merit.  As discussed above, any claim against defendant Cole in his official capacity would be

the equivalent of a claim against the Local Liquor Commission.  As a governmental entity created by the

City of Carbondale, the Commission's capacity to be sued in federal court is governed by state law.  Fed.

R. Civ. P. 17(b); *DeGenova v. Sheriff of DuPage County*, 209 F.3d 973, 976 n.2 (7th Cir. 2000).  The

Commission is an arm of the City of Carbondale, created by a city ordinance, and composed of the mayor

and city council.  Carbondale, Il., Rev. Code tit. 2 ch. 2-1 (2008).  Under Illinois law, a subdivision of a

local government does not have a legal existence separate from the local government.  *See Mayes v.*

*Elrod*, 470 F. Supp.1188, 1192 (N.D. Ill. 1979) (finding that a county board of commissioners and a

county department of corrections did not have a separate legal existence independent of the county);

*Richardson v. County of Cook*, 621 N.E.2d 114, 117 (Ill. App. Ct. 1993) (Cook County Board of

Commissioners is not a separate entity from Cook County).  Any claim against defendant Cole in his

official capacity as chairman of the Local Liquor Commission would be equivalent to a claim against the

City of Carbondale.  Accordingly, dismissal with prejudice of any claims against defendant Cole in his official capacity is appropriate.

## CONCLUSION

Upon review of the record, the Court **GRANTS** defendant Brad Cole's motion to dismiss plaintiffs' claims against him in his official capacity (Doc. 4).  All claims against defendant Cole in his official capacity (Counts I, II) are **DISMISSED**.

**IT IS SO ORDERED.**

**DATED: October 5, 2009.**


**s/ WILLIAM D. STIEHL**
  **DISTRICT JUDGE**

4